IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| COLTON CLAXTON, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 6:14-cv-03385-MDH |
| | ) |
| KUM & GO, L.C. d/b/a KUM & GO | ) |
| | ) |
|       Defendant. | ) |

## ORDER

Before the Court is Plaintiff's Motion to Strike Defendant's Offer of Judgment (Doc. 5) and Plaintiff's Motion to Expedite Ruling (Doc. 6). Per court order granting Plaintiff's motion for expedited ruling (Doc. 6), Defendant filed an expedited response to Plaintiff's motion to strike (Doc. 11). Plaintiff then submitted a reply in support of his motion (Doc. 17), along with a motion to certify the class and a motion to delay ruling on class certification. Defendant's offer of judgment expired the same day. The Court, after careful consideration of the issues raised and legal arguments provided by the parties, hereby **GRANTS** Plaintiff's Motion to Strike Defendant's Offer of Judgment (Doc. 5).

## BACKGROUND

Plaintiff filed the present action in the Circuit Court of Greene County, Missouri on August 5, 2014. Plaintiff's petition seeks recovery on behalf of himself and all other similarly situated, pursuant to Missouri Rule of Civil Procedure 52.08. The petition alleges that Defendant sold to its consumers unleaded gasoline that improperly contained diesel fuel at Kum & Go store number 473. Plaintiff alleges that Defendant's faulty gasoline caused damage to his truck and he seeks to recover based on six different legal theories: (1) violation of the Missouri

1

Merchandising Practice Act ("MMPA"), (2) breach of the implied warranty of merchantability, (3) negligence, (4) strict products liability, (5) breach of the warranty of fitness for a particular purpose, and (6) breach of contract. Plaintiff requested that the Court certify the class and award to the plaintiff and class: restitution, punitive damages, reasonable attorney fees, and such other relief as may be just and proper.

Defendant removed this case to federal court on September 5, 2014. On September 12, 2014, Defense counsel served upon Plaintiff's counsel an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. Within that offer, Defendant agreed to allow judgment granted in favor of Plaintiff on all counts for a sum of $6,250, inclusive of attorney fees and costs. The offer of judgment did not address the claims on behalf of the putative class. In response, Plaintiff filed a motion to strike the offer of judgment and an accompanying motion to expedite ruling.

Plaintiff argues, generally, that where a plaintiff brings a class action pursuant to Rule 23 and the court has not yet ruled on class certification, an offer of judgment as to the named plaintiff is improper because it creates a conflict of interest between that person and the putative class. Because "Defendant's offer of judgment is an improper attempt to thwart this class action," Plaintiff argues the Court should strike the offer. Defendant argues that this Court has previously struck down the rule for which Plaintiff advocates, arguing that within the Western District of Missouri, "an offer of judgment tendered to a putative class representative should be given its normal effect." Defendant further supports its position with the rationale provided by the Supreme Court in *Genesis Healthcare Corp. v. Symczyk*, wherein the Court held that an FLSA collective action brought by the plaintiff was moot and non-justiciable where the plaintiff conceded her individual claim was mooted by the defendant's offer of judgment.

2

## ANALYSIS

Offers of judgment are permitted under Rule 68 of the Federal Rules of Civil Procedure. The party served with an offer of judgment has fourteen (14) days to respond. Fed. R. Civ. P. 68(a). An unaccepted offer "is considered withdrawn, but does not preclude a later offer." Fed. R. Civ. P. 68(b). To encourage plaintiffs to carefully consider such offers, the rule provides that if an offeree rejects an offer of judgment and then obtains a judgment less favorable than the unaccepted offer, "the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d).

Courts have continuously struggled to apply Rule 68 in the context of class action litigation. *Weiss v. Regal Collections*, 385 F.3d 337, 344 (3d Cir. 2004) ("As sound as is Rule 68 when applied to individual plaintiffs, its application is strained when an offer of judgment is made to a class representative. . . . allowing the defendants here to 'pick off' a representative plaintiff with an offer of judgment less than two months after the complaint is filed may undercut the viability of the class action procedure, and frustrate the objectives of this procedural mechanism for aggregating small claims"); *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249 (10th Cir. 2011) (acknowledging tension); *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091 (9th Cir. 2011) (discussing conflicting goals between Rules 68 and 23); *see also Marek v. Chesny*, 473 U.S. 1, 35 n. 49 (1985) (Brennan, J., dissenting) (discussing potential conflicts between Rules 68 and 23).

While case law now appears settled on how to approach offers of judgment that are made *after* the court's decision on class certification, courts are divided on how to approach *pre-certification* offers of judgment. *Sosna v. Iowa*, 419 U.S. 393 (1975) (holding that where a class is certified it acquires a separate legal status from the named plaintiff and, thus, class action

3

remains justiciable even where named plaintiff's individual claim becomes moot); *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 949 (8th Cir. 2012) (holding that where class certification is properly denied, a court should enter judgment against named plaintiff if the offer of judgment is for plaintiff's entire demand). The Supreme Court expressed concerns about pre-certification offers, stating that:

> Requiring multiple plaintiffs to bring separate actions, which effectively could be 'picked off' by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class actions; moreover it would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement.

*Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339 (1980).

A fellow district court recently summarized further why courts are hesitant to apply Rule 68 in pre-certification situations:

> There are ordinarily two concerns that motivate a putative class representative to move to strike an offer of judgment. One is subject matter jurisdiction. If the offer of judgment satisfies the individual claim of the putative class representative, this raises a question of whether there is a controversy between the representative and the defendant. Should the offer of judgment render the controversy moot, then the representative may lack standing to proceed with the case, thus depriving the court of subject matter jurisdiction.
>
> The other concern is conflict of interest. If a plaintiff refuses an offer of judgment and later obtains a judgment for less than the offer, then in accordance with Rule 68(d), the plaintiff becomes liable to the defendant for all costs incurred after the offer. In the context of a putative class action, this creates a potential conflict of interest between the putative class representative and the putative class. If the final judgment is less than the unaccepted offer, the representative arguably is subject to cost liability, but this risk is not borne by the class. For this reason, the representative has an incentive to avoid litigation or settle, to the possible detriment of the class.

*Lamberson v. Fin. Crimes Servs., LLC*, Case No. 11-98 RHK/JJG, 2011 WL 1990450 (D. Minn. Apr. 13, 2011) (report and recommendation adopted at 2011 WL 1990447 (D. Minn. May 23, 2011)). The Court will address each of these concerns, in turn.

4

## A. Mootness Concerns

Although Rule 68 does not directly discuss mootness, "many courts have held that a valid offer of judgment that would satisfy a plaintiff's entire claim for relief eliminates the controversy between the parties and leaves nothing for the court to resolve, effectively mooting the action and removing jurisdiction." *Jones v. CBE Grp., Inc.*, 215 F.R.D. 558, 562 (D. Minn. 2003). Thus, even where a plaintiff rejects an offer of judgment, if the amount within the offer satisfies the plaintiff's entire demand, the court may dismiss the action for lack of jurisdiction and/or enter judgment for that amount.

The Eighth Circuit has endorsed this principle in the context of class actions, holding that "[j]udgment should be entered against a putative class representative on a defendant's offer of payment . . . where class certification has been properly denied and the offer satisfies the representative's entire demand for injuries and costs of the suit." *See Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 949 (8th Cir. 2012); *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996). Even prior to certification, if the named plaintiff settles his individual claim (or accepts an offer of judgment) then a district court "should normally dismiss the [putative class] action as moot." *Potter v. Norwest Mortgage, Inc.*, 329 F.3d 608, 611 (8th Cir. 2003). However, the Eighth Circuit has not yet ruled on whether a tender and rejection of an offer of judgment prior to a request for class certification will moot a class action suit. *March v. Medicredit, Inc.*, Case No. 4:13CV1210 TIA, 2013 WL 6265070 (E.D. Mo. Dec. 4, 2013). The circuit courts of appeal disagree on this issue, as do district courts within the Eighth Circuit. *See id.* (collecting cases); *see also Jenkins v. Pech*, Case No. 8:14CV41, 2014 WL 4247734 at *4 n. 3 (D. Neb. Aug. 27, 2014) (collecting cases).

Fortunately, resolution of this court split is unnecessary to decide the present case. Per case law, "[i]t is clear that a Rule 68 offer can only moot a plaintiff's claim in circumstances where damages are absolutely determinate." *Goans Acquisition, Inc. v. Merch. Solutions, LLC*, Case No. 12-00539-CV-S-JTM, 2013 WL 5408460 (W.D. Mo. Sept. 26, 2013). Damages are "absolutely determinate" where, for example, the "plaintiff's claim is for a fixed sum, or where . . . there is a statutory cap on damages." *Jones v. CBE Grp., Inc.*, 215 F.R.D. 558, 562 n.2 (D. Minn. 2003). Furthermore, the offer must satisfy the plaintiff's "entire demand for injuries and costs of the suit." *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 949 (8th Cir. 2012); *see also Jenkins v. Pech*, Case No. 8:14CV41, 2014 WL 4247734 (D. Neb. Aug. 27, 2014).

Here, Plaintiff's petition seeks restitution, punitive damages, reasonable attorney fees, and such other relief as may be just and proper for both the plaintiff and putative class. Even if Plaintiff brought this suit individually, Defendant's offer of judgment would not satisfy Plaintiff's entire demand. Defendant offered judgment on all counts for a sum of $6,250, inclusive of attorney fees and costs. Plaintiff pleaded $4,790.52 in actual damages (the amount spent to have his truck towed and repaired). Plaintiff also pleaded potential punitive damages for violations of the MMPA; that statute allows the court, in its discretion, to award punitive damages and reasonable attorney's fees.[1] Mo. Rev. Stat. § 407.025. As demonstrated by Defendant's notice of removal, the punitive damages awarded in MMPA cases may be considerably greater than a plaintiff's actual damages. *See, e.g., Heckadon v. CFS Enters., Inc.*, 400 S.W.3d 372, 377 (Mo. Ct. App. 2013) (awarding $2,144 in actual damages and $500,000 in

---

[1] The Missouri Supreme Court recently held that the statutory cap on punitive damages contained in Mo. Rev. Stat. § 510.526 is unconstitutional, as it violates the right to a trial by jury. *Lewellen v. Franklin*, Case. No. SC92871, 2014 WL 4425202 (Mo. Sept. 9, 2014). Missouri courts previously applied that statute in MMPA cases to reduce jury verdicts on punitive damages to "the greater of: (1) Five hundred thousand dollars; or (2) Five times the net amount of the judgment awarded to the plaintiff against the defendant." *See, e.g., Estate of Overbey v. Chad Franklin Nat'l Auto Sales N., LLC*, 361 S.W.3d 364 (Mo. 2012) (en banc).

6

punitive damages reduced from the $1,000,000 jury verdict); *Estate of Overbey v. Chad Franklin Nat'l Auto Sales N., LLC*, 361 S.W.3d 364, 269 (Mo. 2012) (en banc) (awarding $4,500 in actual damages and $500,000 in punitive damages).

Because punitive damages are conceivable in this case and indeterminate at this time, Defendant's offer of judgment does not moot Plaintiff's individual claims.[2] Accordingly, subject matter jurisdiction concerns do not provide a basis to strike Defendant's offer of judgment.

### B.  Conflict of Interest Concerns

The second concern arising from offers of judgment in the pre-certification context is the heightened potential for conflicts of interest between the putative class representative and the putative class. On a general level, courts are weary that pre-certification offers may thwart class actions by creating an incentive for the representative to act against the interest of the class. *See, e.g., Prater v. Medicredit, Inc.*, Case. No. 4:14CV159 NCC, 2014 WL 3973863 (E.D. Mo. Aug. 14, 2014). The Eighth Circuit and other circuit courts have noted this concern. *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996) ("This rule protects a class representative's responsibilities to the putative class members from being terminated by a defendant's attempts to pay off the representative's claims."); *see, e.g., Weiss v. Regal Collections*, 385 F.3d 337, 344 n. 12 (3d Cir. 2004) ("Rule 68 offers to individual named plaintiffs undercut close court supervision of class action settlements, create conflicts of interests for named plaintiffs, and encourage premature class certification motions.").

As discussed more specifically in *Lamberson*, a conflict of interest arises between a putative class representative and the putative class under Rule 68(d). 2011 WL 1990450 (D. Minn. Apr. 13, 2011). Under that subsection, an offeree who rejects an offer of judgment is

---

[2] Plaintiff also claims $8,000 in attorney's fees have been expended thus far, rendering the $6,250 figure insufficient.

7

required to bear the risk of the offeror's future costs. Fed. R. Civ. P. 68. Because "the putative class representative faces cost liability but the putative class does not, this creates an incentive for the representative to act against the interests of the class." *Lamberson*, 2011 WL 1990450 at *3. For example, the representative who declines the offer of judgment may then have an "incentive to avoid litigation or settle, to the possible detriment of the class." *Id.* at *1. Justice Brennan and also the Advisory Committee that drafted Rule 68 spoke to this conflict of interest. *Weiss v. Regal Collections*, 385 F.3d 337, 344 n. 12 (3d Cir. 2004) ("An offeree's rejection would burden a named representative-offeree with the risk of exposure to heavy liability [for costs and expenses] that could not be recouped from unnamed class members.... [This] could lead to a conflict of interest between the named representatives and other members of the class." (quoting the Advisory Committee's note)).[3]

Four Eighth Circuit district court decisions recently addressed this conflict-of-interest concern. *Prater v. Medicredit, Inc.*, Case. No. 4:14CV159 NCC, 2014 WL 3973863 (E.D. Mo. Aug. 14, 2014); *U.S. Bank Nat. Ass'n*, 276 F.R.D. 330, 334-36 (D. Minn. 2011); *Lamberson*, 2011 WL 1990450 at *3-4 (D. Minn. Apr. 13, 2011); *Jenkins v. Gen. Collection Co.*, 246 F.R.D. 600, 602-03 (D. Neb. 2007). In those cases, three separate district courts within the Eighth Circuit[4] concluded that a pre-certification offer of judgment must be deemed ineffective due to

---

[3] As noted by the District of Minnesota: "Indeed, the risk of cost-shifting is very high because it is virtually impossible for Plaintiff to do better at trial than the Rule 68 offer because Defendant structured the offer to cover almost everything that Plaintiff could obtain in the case for his own single claim. Therefore, Plaintiff is forced to choose whether he should take any risk of cost-shifting when, after the class is certified and the case is ultimately won, the most he can obtain out of the case for himself is the same as what Defendant already offered plus some relatively modest compensation for his time spent working as a class representative. The purposes of Rules 68 and 23 are ill-served by this type of conflict." *Johnson v. U.S. Bank Nat. Ass'n*, 276 F.R.D. 330, 335 (D. Minn. 2011).

[4] The Western District of Missouri has not addressed this cost-shifting concern. The recent decision of *Goans Acquisition, Inc. v. Merch. Solutions, LLC*, was decided solely on mootness grounds. 12-00539-CV-S-JTM, 2013 WL 5408460 (W.D. Mo. Sept. 26, 2013). The decision mentions a possible "buy-off" scenario and posits, based on *Damasco v. Clearwater Corp.*, 662 F.3d 891 (7th Cir.2011), that the solution is for plaintiffs to move for class certification at the time they file their complaint. While this may provide a solution to mootness arguments (a rejected offer for complete relief will not be moot; while the motion to certify is pending, a case or controversy still

the conflict of interest scenario created by the cost-shifting provision in Rule 68(d). *Id.* All four decisions granted the plaintiff's motion to strike the offer of judgment. *Id.* As noted, "[i]f class certification is ultimately denied, defendant, of course, will then be free to make an offer of judgment containing the cost shifting provision of Rule 68." *Jenkins*, 246 F.R.D. at 603.

This Court agrees with other district courts within the Eighth Circuit. Here, Defendant's offer of judgment submitted prior to class certification placed Plaintiff in position where his financial interests are at conflict with those of the putative class. Thus, Defendant's offer of judgment should be stricken. Per Rule 68, Defendant is free to file another offer of judgment following the Court's determination on class certification.[5]

### DECISION

Defendant's offer of judgment at this stage of litigation placed an impermissible conflict-of-interest situation upon Plaintiff and the putative class. Thus, although mootness issues are not implicated, Plaintiff's motion to strike is warranted. Plaintiff's Motion to Strike Defendant's Offer of Judgment (Doc. 5) is **GRANTED**.

**IT IS SO ORDERED**.

Dated: September 30, 2014

                                                  */s/ Douglas Harpool*
                                                  DOUGLAS HARPOOL
                                                  UNITED STATES DISTRICT JUDGE

---

exists even where the offer was for plaintiff's full demand), it does not alleviate conflict-of-interest concerns (the cost-shifting provision applies regardless of whether a motion to certify is pending, and the plaintiff still has fourteen days to make a decision).

[5] This decision is based solely on the facts presented here. The Court does not determine how conflict-of-interest principles should apply in a factual situation similar to *Goans*, where the plaintiff waited two-and-one-half years to seek certification of the class.