IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| COLTON CLAXTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 6:14-cv-03385-MDH |
| | ) | |
| KUM & GO, L.C. d/b/a KUM & GO, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's Motion to Remand (Doc. 21) and Defendant's Motion to Dismiss Count I (Doc. 23). The Court, after careful consideration of the issues raised and the legal arguments provided by the parties, hereby **DENIES** Plaintiff's motion (Doc. 21) and **DENIES** Defendant's motion (Doc. 23).

## BACKGROUND

Plaintiff filed the present action in the Circuit Court of Greene County, Missouri on August 5, 2014. Plaintiff's Petition seeks to recover on behalf of himself and all others similarly situated, alleging that Defendant Kum & Go sold unleaded gasoline that improperly contained diesel fuel to its consumers at store number 473. Plaintiff alleges that Defendant's faulty gasoline caused damage to his truck and he seeks to recover based on six different legal theories: (1) violation of the Missouri Merchandising Practice Act ("MMPA"), (2) breach of the implied warranty of merchantability, (3) negligence, (4) strict products liability, (5) breach of the warranty of fitness for a particular purpose, and (6) breach of contract. Plaintiff requests that the Court certify the class and award restitution, punitive damages, reasonable attorney fees, and such other relief as may be just and proper.

1

Defendant filed a notice of removal on September 5, 2014.  In its notice, Defendant argues two independent bases for the Court's subject matter jurisdiction.  First, Defendant argues that removal is proper under 28 U.S.C. § 1332(a) because complete diversity exists and the amount in controversy exceeds $75,000.  Second, Defendant argues that removal is proper under the Class Action Fairness Act of 2005 ("CAFA") because minimal diversity exists and the amount in controversy exceeds $5 million including the class allegations.  According to Defendant, no exceptions to CAFA jurisdiction apply to this case.

Shortly after filing its notice of removal, Defendant served upon Plaintiff an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure for the sum of $6,250.  Defendant's offer included attorney fees and costs but did not address the claims on behalf of the putative class.  Plaintiff filed a motion to strike Defendant's pre-certification offer of judgment, which the Court granted.  Plaintiff also filed an amended complaint.  Plaintiff's Amended Complaint is substantially the same as the Petition, other than changing certain class allegations.[1]

Plaintiff has now filed a motion to remand the case.  Defendant filed suggestions in opposition to remand.  Defendant also filed a motion to dismiss Count I of Plaintiff's Amended Complaint brought under the MMPA, which Plaintiff opposes.  The issues are now fully briefed and ripe for review.

**DISCUSSION**

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments."  *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d

---

[1] Plaintiff's Amended Complaint cites Federal Rule of Civil Procedure 23 for the first time and defines the class as "All Missouri citizens and entities that were consumers and purchased for personal, family, or household purposes, *from July 1, 2014 through July 31, 2014*, unleaded gasoline that contained diesel fuel from Defendant's Kum & Go store number 473."  Pl.'s Am. Compl. ¶¶ 21-22.  Plaintiff's Petition sought a class action only under Missouri Rule of Civil Procedure 52.08 and defined the class as "All Missouri citizens and entities that were consumers and purchased for personal, family, or household purposes, *within five years of the date this suit was filed*, unleaded gasoline that contained diesel fuel from Defendant's Kum & Go store number 473."  Pet. ¶¶ 21-22.

1046, 1050 (8th Cir. 2006).  Plaintiff's motion for remand challenges the Court's jurisdiction; therefore, the Court must address that issue first.  *See Warner v. Chase Home Fin. LLC*, 530 F. App'x 614, 615 (8th Cir. 2013).

### A.  Motion to Remand

Plaintiff argues that the Court should remand this case because "based on Defendant's own calculations, filed with this Court, the amount in controversy is far from the required $75,000 jurisdictional minimum."  Pl.'s Mot. Remand ¶ 6.  To support his argument, Plaintiff notes that Defendant's offer of judgment was for a total sum of $6,250, inclusive of attorney fees and costs, and points out that Defendant previously stated that number is "approximately 30% *greater than* Plaintiff's alleged damages."[2]  Pl.'s Mot. Remand ¶¶ 4-5.  Plaintiff further argues that "an estimate of punitive damages allowable under the MMPA is too speculative to sustain Defendant's burden[.]"  Pl.'s Mot. Remand ¶ 6.  Based on these arguments, Plaintiff requests that the Court enter an order remanding the case to state court and awarding reasonable attorney's fees to Plaintiff's counsel pursuant to 28 U.S.C. § 1447(c).

Defendant argues that Plaintiff's motion to remand should be denied because (1) Plaintiff acquiesced to the Court's subject matter jurisdiction by filing an amended complaint, (2) Plaintiff's motion does not challenge the Court's CAFA jurisdiction, and (3) Plaintiff's argument based on Defendant's offer of judgment "misstates the law and the facts."  Def.'s Opp'n Mot. Remand 1.

### 1.  Standard

An action may be removed from state court to federal district court if the case falls within the original jurisdiction of the district court.  28 U.S.C. § 1441(a).  If the case is not within the original jurisdiction of the district court, the court must remand the case to the state court from

---

[2] Def.'s Opp'n to Pl.'s Mot. Strike 2 (emphasis in original).

3

which it was removed. 28 U.S.C. § 1447(c). A defendant seeking removal "bears the burden of establishing that the district court ha[s] original jurisdiction by a preponderance of the evidence." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010).

Where a defendant seeks to remove a case based on diversity of citizenship under 28 U.S.C. § 1332(a), the defendant "bears the burden of proving by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional minimum." *LaPree v. Prudential Fin.*, 385 F. Supp. 2d 839, 842 (S.D. Iowa 2005) (citing *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir.2000)). Under this standard, "the jurisdictional fact is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *Grawitch v. Charter Commc'ns, Inc.*, 750 F.3d 956, 959 (8th Cir. 2014) (internal punctuation and citations omitted).

The preponderance standard requires the removing party to present "some specific facts or evidence demonstrating that the jurisdictional amount has been met" such as "responses to discovery requests or damage recoveries in similar cases." *Hoffmann v. Empire Mach. & Tools Ltd.*, No. 4:10-CV-00201-NKL, 2010 WL 2216631, at *2 (W.D. Mo. May 28, 2010). In computing the amount in controversy, a removing party may include punitive damages and statutory attorney fees. *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001). However, punitive damages are "given closer scrutiny" and "the trial judge [is] accorded greater discretion" in determining the appropriate amount. *Larkin v. Brown*, 41 F.3d 387, 389 (8th Cir. 1994).

"Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 790 (8th Cir. 2012) (citing *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009)). The legal-certainty standard is not met if even a possibility exists of recovering more than the statutory minimum. *Basham v. Am. Nat. Cnty. Mut. Ins. Co.*, 979 F. Supp. 2d 883, 886 (W.D. Ark. 2013) (citing *Back Doctors Ltd. v. Metropolitan Property & Casualty Ins. Co.*, 637 F.3d 827, 831 (7th Cir.2011)).

### 2. Analysis

Plaintiff argues that federal jurisdiction is lacking because the amount in controversy requirement is not satisfied. Because the Court finds that Defendant satisfied the jurisdictional minimum by a preponderance of the evidence, remand is appropriate only if Plaintiff proves to a legal certainty that his claims are for less than the requisite amount. Plaintiff failed to satisfy this burden and therefore remand is inappropriate.

The Court finds that Defendant's notice of removal presented sufficient facts and evidence to prove diversity jurisdiction by a preponderance of the evidence. The notice first established that the parties have diverse citizenship, which Plaintiff does not dispute. Defendant next calculated the amount in controversy by citing Plaintiff's actual damages pleaded in the amount of $4,840.49, noting that the MMPA allows statutory attorney's fees and punitive damages, and citing Missouri case law examples of MMPA cases with small actual damage awards yet relatively large awards of attorney's fees and punitive damages.[3] Defendant concluded that:

---

[3] See Def.'s Notice Removal ¶ 8, 10-12.

> In short, although a fact-finder might legally conclude that Plaintiff is only entitled to $4,840.49—or less—in actual damages, Defendant could be found liable for attorneys' fees exceeding $100,000 and punitive damages exceeding $500,000 (five times the sum of actual damages and attorneys' fees). As a result, the total amount in controversy could exceed $500,000, well above the $75,000 jurisdictional threshold.

Thus, Defendant met its burden to prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence because it presented "specific facts or evidence" – including actual damages pled and damage recoveries in similar MMPA cases – to prove that a fact finder "might legally conclude" the damages are greater than $75,000.

Plaintiff attempts to challenge Defendant's proffer of diversity jurisdiction by arguing that Defendant's offer of judgment proves that Defendant believes the amount in controversy is less than $75,000 and by further arguing that punitive damages are too speculative to include in the amount in controversy. The latter argument is clearly contrary to Eighth Circuit precedent and Plaintiff cites no authority to support its proposition that punitive damages are too speculative in this case. *See Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2013); *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 348 (8th Cir. 2007).

Plaintiff's other argument is similarly unavailing. In determining the amount in controversy, it is irrelevant what Defendant believes the true value of Plaintiff's case to be. *See Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 945 (8th Cir. 2012) ("The demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether plaintiff is likely to win or be awarded everything he seeks." (citing *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)). While case law indicates that a plaintiff's settlement

6

Case 6:14-cv-03385-MDH   Document 37   Filed 11/26/14   Page 6 of 14

offer or rejection of an offer of judgment may be considered in determining the amount in controversy, the court finds no case applying the same principle to a defendant's offer(s).[4]

Plaintiff cites only one district court decision to support his argument that the Court should bind Defendant to the sum stated in its offer of judgment. *Hall v. Vlahoulis*, No. 06-6107-CV-SJFJG, 2007 WL 433266, at *1 (W.D. Mo. Feb. 5, 2007). However, even that case does not support Plaintiff's proposition. In *Hall*, the plaintiff attempted to use defendants' $10,000 offer of judgment as evidence that the amount in controversy did not exceed $75,000. 2007 WL 433266 at *1. The court noted plaintiff's argument but held that the defendants did establish the amount in controversy by a preponderance of the evidence because defendants presented evidence that plaintiff refused the offer of judgment for $10,000 and plaintiff also sent a settlement demand letter for $300,000. *Id.* The Court stated: "The evidence [to remove a case] may include *plaintiff's representations*, 'including settlement offers *by plaintiff* exceeding the jurisdictional amount, the *plaintiff's refusal* to stipulate that she would not demand more than the jurisdictional amount, or an extensive list of serious and disabling injuries suffered by the plaintiff.'" *Id.* (emphasis added).[5]

Furthermore, in the present case, the Court struck Defendant's offer of judgment; therefore, it should not be considered in assessing the amount in controversy requirement. Moreover, Plaintiff provided no policy argument to circumvent the language of Rule 68(b) that

---

[4] *See e.g. McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) ("documents that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal"); *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006) (considering plaintiff's settlement offer); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (same); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) (same); *Wilson v. Belin*, 20 F.3d 644, 651 n. 8 (5th Cir. 1994) (same).

[5] To the extent Plaintiff argues that Defendant's statement to the Court noting $6,250 is "approximately 30% *greater than* Plaintiff's alleged damages" amounts to an admission that the amount in controversy is less than $75,000, the Court disagrees. Defendant's filing clearly used the term "alleged damages" to mean Plaintiff's actual damages pled. *See, e.g.,* Def.'s Opp'n to Pl.'s Mot. Strike 2 ("Plaintiff asks for punitive damages and attorney fees on top of these alleged damages[.]")

states an "unaccepted offer is considered withdrawn" and "[e]vidence of an unaccepted offer is not admissible except in a proceeding to determine costs." Fed. R. Civ. P. 68(b).

In sum, Defendant met its burden to prove the jurisdictional threshold by a preponderance of the evidence and Plaintiff failed to rebut that evidence by proving to a legal certainty that the claims are for less than $75,000. The Court has subject matter jurisdiction.[6]

### B. Motion to Dismiss

Defendant argues that Count I of Plaintiff's Amended Complaint should be dismissed for failure to state a claim under Rule 12(b)(6) and for failure to plead the claim with specificity as required under Rule 9(b). According to Defendant, Plaintiff failed to state a claim under the MMPA because he did not plead sufficient facts to show Defendant engaged in a deceptive practice or omission and because he did not plead the purposes for which he allegedly purchased the fuel. Def.'s Sugg. Supp. Mot. Dismiss 5-6. Defendant argues that Plaintiff failed to satisfy Rule 9(b) because he did not specify what constitutes the alleged representation or how that representation qualifies as a deception or material omission as opposed to a mistake. Def.'s Sugg. Supp. Mot. Dismiss 8. Defendant states that "Plaintiff must identify anyone who allegedly

---

[6] Although unnecessary to address in disposing of Plaintiff's motion, the Court also finds that Defendant proved CAFA jurisdiction by a preponderance of the evidence. Defendant proved that minimal diversity exists and then used Plaintiff's actual damages as a measure of average class member damages. Because Plaintiff pleaded there will be approximately 800 class members, Defendant multiplied 800 x $4,840 to arrive at a sum of $3,872,000. Defendant then cited case law to provide evidence that this amount of actual damages plus reasonable attorney fees and punitive damages for MMPA cases could exceed $5 million. *See, e.g., Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2013) (holding that $3.3 million in actual damages in conjunction with request for punitive damages met amount in controversy requirement). Plaintiff responded only that Defendant's figure of $6,250 for the average claim was too speculative. Plaintiff cited no evidence to support this argument. The Court disagrees with Plaintiff. *See Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 944-45 (8th Cir. 2012) ("The removing party's burden of describing how the controversy exceeds $5 million constitutes a pleading requirement, not a demand for proof. Discovery and trial come later." (internal quotations omitted)). Furthermore, Plaintiff presented no evidence or argument that any CAFA exception applies in this case. *See Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010) ("Once CAFA's initial jurisdictional requirements have been established by the party seeking removal . . . the burden shifts to the party seeking remand to establish that one of CAFA's express jurisdictional exceptions applies.").

'knew' Plaintiff's fuel was not unleaded fuel, what information this person had, why this person knew or should have known better, etc." Def.'s Sugg. Supp. Mot. Dismiss 8.

### 1. Standard

"To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's legal conclusions. *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The Court's assessment of whether the complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. The reviewing court must read the complaint as a whole rather than analyzing each allegation in isolation. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

### 2. Analysis

Plaintiff's Amended Complaint states a plausible claim for relief under the MMPA. To state a claim under the MMPA, Plaintiff must allege that he "(1) purchased or leased [merchandise] from [Defendant]; (2) for personal, family, or household purposes; and (3) suffered an ascertainable loss of money or property as a result of an act declared unlawful by section 407.020." *Ward v. W. Cnty. Motor Co.*, 403 S.W.3d 82, 84 (Mo. 2013), as modified

9

(May 28, 2013).  Section 407.020 provides that it is unlawful to use or employ "any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce[.]"  Mo. Rev. Stat. § 407.020.1.

The MMPA was drafted broadly in order to evade overly meticulous definitions and in order to supplement the definition of common law fraud by eliminating the need to prove intent to defraud or reliance.  *Schuchmann v. Air Servs. Heating & Air Conditioning, Inc.*, 199 S.W.3d 228, 233 (Mo. Ct. App. 2006).  "The statute does not put forth a scienter requirement for civil liability: 'It is the defendant's conduct, not his intent, which determines whether a violation has occurred.'"  *Plubell v. Merck & Co.*, 289 S.W.3d 707, 713 (Mo. Ct. App. 2009).  Regulations promulgated by the Missouri Attorney General specifically state that a claim under the MMPA alleging the unlawful act of deception or misrepresentation does not require the plaintiff to prove any type of culpable mental state such as intent to defraud, knowledge of falsity, recklessness, or negligence.  15 C.S.R. 60-9.020 & 60-9.070.  Certain other MMPA claims, such as false pretenses, false promises, and omissions of material fact do involve the intent of the person making the false representation.  *See* 15 C.S.R. 60-9.050, 60-9.060, & 60-9.110; *see also Plubell*, 289 S.W.3d at 713 n.4.

Defendant first argues that Plaintiff failed to plead sufficient facts to show a deceptive practice or omission under the MMPA.  The Amended Complaint alleges that on or around July 18, 2014, Defendant advertised via signs and billboards on the premises of Kum & Go store number 473 that it was selling unleaded gasoline when, in reality, the product being sold was unleaded gasoline containing diesel fuel, which is unsuitable for vehicles designed to operate on unleaded gasoline.  Pl.'s Am. Compl. ¶¶ 41-42.  Plaintiff further alleges that Defendant knew or

10

should have known the product advertised contained diesel fuel and that Defendant, therefore, made a false representation knowingly or without knowledge as to its truth or falsity. Pl.'s Am. Compl. ¶ 42-43. Plaintiff alleges that the representation was "a deception, fraud, false pretense, false promise, and misrepresentation as described in § 407.020" or, alternatively, was "the omission or suppression of a material fact in violation of the provisions of § 407.020." Pl.'s Am. Compl. ¶¶ 43-44.

Plaintiff's facts sufficiently plead a deceptive practice – displaying onsite advertisements that had the capacity to deceive or cheat Kum & Go consumers at store number 473 because the advertisements presented a product different than the one being sold. Plaintiff's facts also sufficiently plead a misrepresentation because the product that was represented as unleaded fuel was in fact, according to Plaintiff, unleaded fuel mixed with diesel fuel. *See* 15 C.S.R. 60-9.070 ("A misrepresentation is an assertion that is not in accord with the facts.").[7] Defendant argues that Plaintiff's allegations are insufficient because they present no factual matter to allow the Court to infer that Defendant was aware or should have been aware of the alleged presence of diesel fuel. However, as stated supra, Plaintiff need not show any culpable mental state in order to state a claim under the MMPA. Furthermore, Plaintiff alleges generally that Defendant knew or should have known the product advertised contained diesel fuel; these allegations are sufficient at this stage in the litigation to warrant discovery into such matters. *See Scanio v. Zale Delaware, Inc.*, No. 4:12CV37 CDP, 2012 WL 368741, at *3 (E.D. Mo. Feb. 3, 2012) ("The Eighth Circuit has held that Rule 9(b) does not require a complaint to include highly specific allegations with respect to facts that would be known to the defendants but not to the plaintiffs before the plaintiffs have had some opportunity to conduct discovery.").

---

[7] In Defendant's Suggestions in Support of its Motion to Dismiss, Defendant cites the definition for fraudulent misrepresentation rather than misrepresentation. *Compare* 15 C.S.R. 60-9.070 *and* 15 C.S.R. 60-9.100. The Amended Complaint pleads only "misrepresentation."

11

Defendant next argues that Plaintiff failed to plead the purposes for which he allegedly purchased the fuel. The Amended Complaint states that Plaintiff purchased gas "for his Chevrolet Pickup truck" and Plaintiff brings the action on behalf of himself and a statewide class of consumers who purchased the gasoline "for personal, family, or household purposes." Pl.'s Am. Compl. ¶¶ 6, 22. Viewing the pleading in the light most favorable to Plaintiff, there is sufficient factual matter to infer Plaintiff purchased the gas for his truck for personal, family or household purposes.

Finally, Defendant argues that MMPA claims must be pleaded with particularity under Federal Rule of Civil Procedure 9(b) and that the Amended Complaint fails to satisfy such heightened pleading standards. The Court notes that there is some disagreement about the application of 9(b) in the context of MMPA claims. *Compare Muhammad v. Pub. Storage Co.*, No. 14-0246-CV-W-ODS, 2014 WL 3687328, at *3-4 (W.D. Mo. July 24, 2014) (holding heightened pleading standards did not apply because plaintiffs not asserting a fraud-based claim), *and Khaliki v. Helzberg Diamond Shops, Inc.,* No. 4:11-CV-00010-NKL, 2011 WL 1326660, at *2-3 (W.D. Mo. Apr. 6, 2011) (holding Rule 9(b) states the applicable standard of pleading for claims made under the MPPA). The Court, however, need not decide whether Rule 9(b) applies to all MMPA claims because Plaintiff's Amended Complaint satisfies the heightened pleading requirements.

The particularity required under Rule 9(b) includes "such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Commercial Prop. Investments, Inc. v. Quality Inns Int'l, Inc.*, 61 F.3d 639, 644 (8th Cir. 1995). In other words, "the complaint must identify the 'who, what, where, when, and how' of the alleged fraud." *Khaliki*, 2011 WL

12

Case 6:14-cv-03385-MDH   Document 37   Filed 11/26/14   Page 12 of 14

1326660 at *3. The purpose of the rule is to "facilitate a defendant's ability to respond and to prepare a defense to charges of fraud." *Commercial Prop. Investments, Inc.*, 61 F.3d at 644.

Here, Plaintiff presented sufficient facts to allow Defendant to prepare a defense to the MMPA charges. The 'who' is Kum & Go store number 463; the 'what' is the product labeled unleaded gasoline that allegedly contained diesel fuel and was purchased by Missouri citizens and entities; the 'where' is signs and billboards on the premises of Kum & Go store number 473 that were associated with the sale of unleaded gasoline; the 'when' is on or around July 18, 2014; the 'how' is that the product was advertised as unleaded fuel but was actually unleaded fuel mixed with diesel fuel. Such allegations are sufficient under Rule 9(b). *See Scanio v. Zale Delaware, Inc.*, No. 4:12CV37 CDP, 2012 WL 368741, at *3 (E.D. Mo. Feb. 3, 2012) (sufficient where allegations of specific dates, location, alleged fraud, and service involved; names of employees were discoverable); *Metcalf v. Lowe's Home Centers, Inc.*, No. 4:09-CV-14 CAS, 2010 WL 1221855, at *2 (E.D. Mo. Mar. 30, 2010) (sufficient where complaint stated date, location, and misrepresentation concerning recommendation of product, even where it did not name employee or provide specific factual statements of employee); *Owen v. Gen. Motors Corp.*, No. 06-4067 CV CNKL, 2006 WL 2808632, at *8 (W.D. Mo. Sept. 28, 2006) (sufficient where complaint stated facts omitted/concealed in sale of car; not required at pleading stage to include where, when or who made omission).

## DECISION

Based on the foregoing analysis, the Court hereby **DENIES** Plaintiff's Motion to Remand (Doc. 21) and **DENIES** Defendant's Motion to Dismiss Count I (Doc. 23).

**IT IS SO ORDERED**.

Dated: November 26, 2014

*/s/ Douglas Harpool*
DOUGLAS HARPOOL
UNITED STATES DISTRICT JUDGE